AMERICAN BRIDGE CO., (SMITH v.)

[See Smith v. American Bridge Co., Case No. 13,002.]

AMERICAN BUTTON–HOLE & OVER–
SEAMING CO., (CHABOT v.)

[See Chabot v. American Buttonhole & Overseaming Co., Case No. 2,567.]

## Case No. 292.

AMERICAN BUTTON–HOLE, OVER–
SEAMING & SEWING–MACH.
CO. v. MURRAY et al.

[Syllabi, 109.]

Circuit Court, D. Minnesota. Dec. Term, 1876.

BONDS—SIGNING ON CONDITION—FRAUD AFFECT-
ING NOTE FOR INDEBTEDNESS ON BOND.

[1. Where the obligors upon a bond securing payment of debts of third parties sign a note for the amount due thereon, as a consideration for an extension of time for payment, they can avail themselves of any defense, as against the

payee of the note and obligee on the bond which would defeat a recovery upon the bond.]

[2. The fact that two obligors signed the bond at the request of a third, and on condition that it should not bind them unless he obtained certain other signatures, which he failed to do, is a defense if the obligee knew of the condition, but not otherwise.]

[3. Where two obligors sign and deliver a bond to the general agent of the obligee, with a condition that it should not bind them unless certain other signatures are obtained, which is not done, they are not liable on the bond, nor on a note which they are induced to sign by a statement of the agent that it covers an indebtedness for which they are liable on the bond.]

[4. The fact that they were induced to sign the note by a statement that another person, who could not read nor write, had authorized his signature, and that his alleged signature was forged, is not a defense to an action on the note, for they should have ascertained whether his signature was properly on the note.]

At law. The facts sufficiently appear in the charge of the judge.

Simonton & Reid, for plaintiff.

Wilson & Taylor and S. L. Campbell, for defendants.

NELSON, District Judge. Charge to jury. This action is brought upon a promissory note for $770.68, dated March 23, 1876. Five defendants have interposed several defenses. One defendant, Murray, is in default, and submits to a judgment. Fraud and want of consideration are alleged by all the defendants answering, except Mullane, who claims the note never was signed by him, or by one authorized by him to do so.

The undisputed facts are briefly these: J. M. Murray had the exclusive right within certain territorial limits to sell sewing machines manufactured by plaintiff; and being supplied on credit, he was required to execute a bond, with good and sufficient sureties, for the payment of notes given on the purchase of the same. He delivered to plaintiff a bond purporting to have been executed March 17, 1875, by himself and defendants Byrnes and Dailey; and another on September 25, 1875, executed by himself and Harlan, Smith and Gregg. Some time in March, 1876, Murray was indebted to plaintiff on several notes which had matured, and was requested to pay, or suit would be commenced upon the bonds. An arrangement was made whereby the plaintiff agreed to extend the time for the payment of the amount due in case Murray would give it a note executed by himself and the sureties upon his bonds. There was due at that time $240, for which the sureties upon the bond executed Sept. 25, 1875, were liable, if at all. The sureties upon the first bond, executed March 17, 1875, were responsible for the payment of the whole amount claimed, $770.68, and this was the indebtedness upon which the plaintiff was willing to grant an extension. In view of these facts, the defendants contesting, with the exception of Mullane, who was not upon either bond, can avail themselves of any defense which would defeat a recovery upon the bonds. If you believe Mullane never authorized his signature to the note, no recovery can be had against him.

Byrnes and Dailey, who signed the bond executed March 17, 1875, claim that they signed it at the request of Murray, and upon the condition that it should not be obligatory upon them unless three additional responsible names should be obtained. This is a good defense if the condition was known to the plaintiff at the time, but if it was only known to Murray, the principal obligor, and the bond, perfect on its face, was accepted without knowledge of that condition, these defendants, Byrnes and Dailey, cannot say that they did not intend to be bound unless the names of three other persons, not on the bond when they signed, should be obtained. [Dair v. U. S.,] 16 Wall. [83 U. S.] 1. See, also, article in [10] Alb. Law J. [257,] on liability of sureties. If this defense is not available to defeat a recovery upon the bond, it cannot be urged in this suit, for they were bound by their obligation to pay the amount due the plaintiff from Murray, and the execution of the note gave an extension of time for payment, and was no injury to them.

Smith and Gregg, sureties upon the bond executed Sept. 25, 1875, also allege that the bond they signed is void, for the reason it was executed at the request of Murray, and upon the condition that it should not bind them unless three other responsible sureties should be obtained, and that the plaintiff acquiesced in this condition. It is urged by them as a defense, also, that, when the note was signed, the agent of the plaintiff falsely represented that they were liable on their bond to the full extent of the note, whereas, if the bond could be enforced, the amount of their liability would be only $240, and that they declined to sign unless three responsible names were obtained in addition to the sureties on the bonds. It is conceded that their liability was for that amount only, and that when the note was afterwards presented for their signatures, in compliance with their request, it had the name of Mullane upon it, which the defendant Murray told them he signed by the authority of Mullane. They claim to have been induced to sign it by the fact that Mullane, who was a well-to-do farmer, had authorized his signature, and insist they are not liable if his signature is a forgery.

If you believe it is a forgery, and that Smith and Gregg refused to sign until some other responsible name was secured, but mentioned no person whose signature they required, still, as Mullane could not read or write, and his name appeared to be signed by some other person, they should have ascertained before signing it whether his signature was properly to the note, and are not discharged unless the plaintiff had

knowledge of the forgery. And if Smith and Gregg, when they signed the bond, delivered it to the general agent of the plaintiff, and it was not to be considered obligatory until the names of three other persons were secured, then, as only themselves and one other appear to have executed it, the plaintiff cannot recover against them upon the note, for it was given on an indebtedness which the plaintiff's agent stated was covered by their bond.

Harlan urges that he signed the note upon the condition that Gregg and Smith would also sign it. Now, as he was only liable upon his bond to the extent of $240, if you believe a recovery cannot be had against them, the plaintiff cannot hold him, for the reason that his signature was obtained upon the condition known to it, that Smith and Gregg were to share the liability with him.

The jury gave a verdict against all the defendants except Mullane.